Arnold L. Fein, J.
Motion by defendant for an order vacating the certificate of no necessity issued by the Conciliation Commissioner, directing the Commissioner to fix a date for a *319 conciliation conference and dismissing the complaint is in all respects denied.
That portion of the relief sought which requests that the Commissioner be directed to fix a date is in reality an application to compel the Commissioner to perform an act purportedly mandated by statute. Assuming the propriety of such application, defendant should have proceeded by way of an article 78 proceeding.
Nevertheless, the court will deal with the issue on the fuerits in order that there be no unnecessary delay in proceeding with this action. No matter what the form of proceeding, it is clear that defendant is not entitled to the relief sought.
The action was commenced on or about December 14, 1971. Admittedly, on or about December 28 or 29, 1971, defendant received the Conciliation Commissioner’s notice of filing of the divorce action, dated December 27, 1971, which was within the time prescribed by section 215-c (subd. b, par. [2]) of the Domestic Relations Law. “ Sometime * * * during the first week of January”, defendant allegedly conferred with his attorney. No action was taken, although the Commissioner’s notice requested return of the confidential statement within five days. Thereafter, and in the absence of a formal statement from defendant, the Conciliation Commissioner issued a certificate of no necessity on January 12, 1972.
Defendant contends it was always his intention to seek a conference with a view toward reconciliation and that a certificate of no necessity should not have been issued before a date was fixed for a conciliation conference.
Section 215-c (subd. b, par. [2]) of the Domestic Relations Law provides: ‘ ‘ The commissioner shall give notice of the filing under subdivision a of section two hundred fifteen-c of this article to all parties within five days after the matter is assigned to him and shall' fix a date for a conciliation conference. All parties shall be required to attend at least one conciliation conference, or may, upon good cause shown and in the discretion of the commissioner, secure a certificate of no necessity for a conference and conciliation procedures shall be at an end. ’ ’ The clear intention of this language is that whether a conciliation conference is to be held is a matter solely within the discretion of the Commissioner.
The prior history of the relationship between these parties indicates that conciliation efforts at this time would be unproductive. Plaintiff claims defendant committed numerous acts of violence against her. She submits an order of protection of *320 the Family Court issued on December 14, 1971. On or about August 25, 1971, the parties executed a separation agreement. All of the foregoing was submitted to the Commissioner by plaintiff. Upon this basis, the certificate was issued. The court will not interfere with the discretion of the Commissioner or order him to perform a useless act.
There was no abuse of discretion. Although section 215-c (subd. b, par. [2]) of the Domestic Relations Law does state that the Commissioner “ shall fix a date for a conciliation conference ”, he is not required to do so upon the notice of filing. Whether a conference shall be called rests with the Commissioner, based upon his determination as to whether he believes it will be fruitful. The statute does not mandate that the notice of filing must fix a date for a conference between the parties.
Accordingly there is no warrant for the relief sought by defendant.